**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

```
-------------------------------------------------------------X
                                                :
MALIBU MEDIA, LLC,                              :
                                                :       Civil Action No. 2:14-cv-01976-LDD
                      Plaintiff,                :
                                                :
           vs.                                  :
                                                :
WILLIAM LEE,                                    :
                                                :
                      Defendant.                :
                                                :
-------------------------------------------------------------X
```

<u>**PLAINTIFF'S MOTION FOR ENTRY OF AN ORDER REQUIRING DEFENDANT TO
SHOW CAUSE WHY FINAL JUDGMENT SHOULD NOT
BE ENTERED AGAINST HIM**</u>

Plaintiff, Malibu Media, LLC ("Plaintiff"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 7, hereby moves for entry of an order requiring William Lee ("Defendant") to show cause why this Court should not enter a final judgment against Defendant in the amount of six thousand five hundred dollars ($6,500.00), plus reasonable attorney's fees and costs, pursuant to the fully-executed settlement agreement between Plaintiff and Defendant, and in support thereof states:

1.      This action commenced on April 3, 2014 when Plaintiff filed suit against Defendant[1] alleging direct copyright infringement of thirty-one (31) of Plaintiff's copyrighted works between September 7, 2014 and March 15, 2014. [DE 1].

2.      Thereafter, on or about October 10, 2014, Plaintiff and Defendant entered into a settlement agreement (the "Settlement") in full settlement of Plaintiff's copyright infringement

---

[1] At the time of filing, Defendant was identified as the internet subscriber assigned IP address 71.175.82.146.  On July 22, 2014, Plaintiff amended its complaint to identify William Lee as the Defendant.  [DE 7].

claims, wherein Defendant agreed to pay Plaintiff six thousand five hundred dollars ($6,500.00) on or before October 31, 2014.  Further, the agreement stipulates that if legal action is required in order to collect any portion of the settlement money, Plaintiff shall be entitled to recover from Defendant its reasonable attorneys' fees and costs associated with any such collection effort.

3.      Consistent with the Settlement, on October 22, 2014, the parties filed a Joint Status Report, notifying the Court that they had reached an agreement to settle this action, and advising that Plaintiff would dismiss Defendant and file a Notice of Settlement upon receipt of the agreed upon consideration.  [DE 16].

4.      October 31, 2014 has passed, but to date Defendant has not fulfilled his contractual obligations under the Settlement.  Stated differently, Defendant has breached the Settlement by failing to pay Plaintiff any money.  Consequently, Defendant remains a party to this action, and the Court retains jurisdiction to enforce the Settlement terms.  *See, e.g.*, *McCune v. First Judicial Dist. Of PA Probation Dep't*, 99 F.Supp.2d 565, 565 (E.D.Pa. 2000) ("The District Court has jurisdiction to enforce a Settlement Agreement entered into by the parties in the case pending before it.  This jurisdiction is grounded in the policy that favors the amicable resolution of disputes and the avoidance of costly and time-consuming litigation."); *Pugh v. Super Fresh Food Markets, Inc.*, 640 F. Supp. 1306, 1307 (E.D. Pa. 1986) (same); *Rosso v. Foodsales, Inc.*, 500 F.Supp. 274, 276 (E.D.Pa.1980) (same).

5.      Where, as here, the parties have entered into a voluntary and unambiguous settlement agreement, there is no basis for the Court to set same aside and Plaintiff is entitled to the relief requested herein.  *Accord Binder v. PPL Servs. Corp.*, 2009 WL 1674415, *2 (E.D.Pa. June 15, 2009) ("An agreement to settle a lawsuit, voluntarily entered into, is binding upon the parties, whether or not made in the presence of the court, and even in the absence of a writing.

2

The enforceability of such settlement agreements is governed by the principles of contract law, which requires a meeting of the minds."); *McCune*, 99 F.Supp.2d at 565 ("It is the law of this Circuit that an agreement to settle a lawsuit, voluntarily entered into is binding upon the parties, whether or not made in the presence of the Court, and even in the absence of a writing. The Settlement Agreement is still binding, even if it is clear that a party had a change of heart between the time he agreed to the terms of the settlement and when those terms were reduced to writing.")

6.      Plaintiff attempted to confer with defense counsel regarding the relief requested herein. However, defense counsel did not response as of the time of this filing.

WHEREFORE, Plaintiff respectfully requests this Court:

(A)      Enter an order requiring Defendant to show cause why the Court should not enter judgment against Defendant for six thousand five hundred dollars ($6,500.00) in damages plus two hundred forty-seven dollars and fifty cents ($247.50)[2] in Plaintiff's reasonable attorney's fees and costs associated with bringing the instant motion (as contemplated by the Settlement); and

(B)      Retain jurisdiction over this matter for the purpose of enforcing the settlement agreement and conducting any further supplemental proceedings as necessary.

Dated: December 11, 2014

Respectfully submitted,

FIORE & BARBER, LLC

---

[2] Undersigned has practiced as an attorney for over seventeen (17) years. Undersigned's standard hourly rate in engagements where undersigned is employed on an hourly basis is two hundred and seventy-five dollars ($275.00) per hour. Associates that were used in connection with the instant matter have less than five (5) years of experience and bill at a rate of $225.00 per hour. Undersigned is solely responsible for the finished product of all work performed in this matter, including the content of any papers filed by undersigned. If the client was billed on an hourly basis in this matter, the client would have been billed for 1.1 hours at a rate of $225.00 per hour for drafting and researching the instant motion.

By:     /s/ *Christopher P. Fiore*
        Christopher P. Fiore, Esquire
        Attorneys for Plaintiff
        418 Main Street, Suite 100
        Harleysville, PA 19438
        Tel:  (215) 256-0205
        Fax:  (215) 256-9205
        Email:  cfiore@fiorebarber.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 11, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By:     /s/ *Christopher P. Fiore*

4